23CA1205 Marriage of Bentley 07-25-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1205 Mesa County District Court No. 21DR763 Honorable Kevin R. Kennedy, Magistrate In re the Marriage of Robyn L. Bentley, II, Appellant, and Leslie M. Bentley, Appellee. JUDGMENT AFFIRMED Division IV Opinion by JUDGE PAWAR Navarro and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 25, 2024 James W. Giese, P.C., James W. Giese, Grand Junction, Colorado, for Appellant Leslie M. Bentley, Pro Se 
1 ¶ 1 In this dissolution of marriage proceeding between Robyn L. Bentley, II (husband) and Leslie M. Bentley (wife), husband appeals the portion of the permanent orders related to maintenance. We affirm. I. Background ¶ 2 Husband and wife were married in 2009 and separated twelve years later. After their separation, husband paid $1,504 per month toward marital expenses benefitting wife including the marital home’s mortgage and utility bills and wife’s cell phone bill and car insurance. The parties later stipulated to husband’s continued payment of the mortgage and other bills in lieu of paying temporary maintenance to wife. ¶ 3 At the final orders hearing, the parties stipulated to the division of the marital estate, and the court entered a maintenance award in favor of wife. Pointing to the parties’ stipulation to sell the marital home, the court ordered husband to pay wife $500 monthly until the marital home was sold, then increasing to $1,500 per month for a period of four years. 
2 II. Husband’s Contentions ¶ 4 Husband asserts that the court erred in awarding wife maintenance because it did not consider the statutory maintenance factors. We disagree. A. Relevant Law and Standard of Review ¶ 5 When considering a maintenance request, the court must first make findings on the parties’ incomes, the distribution of marital property, the parties’ financial resources, their reasonable financial need established during the marriage, and the taxability of any maintenance awarded. § 14-10-114(3)(a)(I), C.R.S. 2023. Then, the court must consider an amount and term of maintenance, if any, that is fair and equitable after considering a nonexclusive list of statutory factors, including the amount of each party’s gross income, the marital property appointed to each party, reasonable financial need as established during the marriage, and the amount of temporary maintenance and number of months that temporary maintenance was paid to the recipient spouse. § 14-10-114(3)(a)(II), (3)(c). The court must also determine if the requesting party lacks sufficient property to provide for their reasonable needs and is 
3 unable to support themselves through appropriate employment. § 14-10-114(3)(a)(II)(C), (3)(d). ¶ 6 We review a court’s determinations on maintenance for an abuse of discretion. In re Marriage of Tooker, 2019 COA 83, ¶ 12. A court abuses its discretion when it decides an issue in a manifestly arbitrary, unreasonable, or unfair manner, or it misapplies the law. In re Marriage of Evans, 2021 COA 141, ¶ 25. We defer to the court’s income findings unless the record does not support them. In re Marriage of Gibbs, 2019 COA 104, ¶ 9. B. Analysis ¶ 7 The record and court’s order show that the court properly considered the statutory factors before awarding wife maintenance and that the court’s findings have record support. The court began by acknowledging the parties’ stipulation regarding property division, in particular their agreement to sell the marital home. Next, based on the testimony it heard, the court made findings of each party’s income — specifically that husband earned $6,517 monthly and that wife was not voluntarily un/underemployed and earned $450 monthly. 
4 ¶ 8 The court also found that the parties had no other financial resources, aside from their earnings, that would affect the maintenance amount. Although husband testified to wife’s employment during the marriage, wife testified that her employment had been sporadic and she was unable to secure appropriate employment due to physical ailments she suffered. The court credited wife’s testimony and found that her “history of unemployment and underemployment during the parties’ marriage, and the reasons why she did not work established her need for maintenance.” The court’s written order included findings concerning the taxability of the maintenance payments. The parties also testified to the length and amount of husband’s payments made in lieu of temporary maintenance, something that the court explicitly considered in its written order. ¶ 9 The record thus shows that the court considered the relevant statutory factors regarding maintenance and made its determination based on record evidence. III. Voluntarily Underemployment ¶ 10 Husband also challenges the court’s finding that wife was not voluntarily underemployed when it “did not have competent 
5 evidence to determine [w]ife was unable to work due to her health.” Again, we perceive no error. A. Relevant Law and Standard of Review ¶ 11 A party’s income for purposes of determining maintenance is generally that party’s actual gross income. See § 14-10-114(8)(a)(I), (II). “If a party is voluntarily unemployed or underemployed, maintenance shall be calculated based on a determination of potential income . . . .” § 14-10-114(8)(c)(IV). However, “a determination of potential income shall not be made for a party who is physically or mentally incapacitated.” Id. ¶ 12 Whether a party is voluntarily underemployed is typically a factual question. People v. Martinez, 70 P.3d 474, 480 (Colo. 2003). And we defer to the district court’s factual findings if supported by the record. Id.; see also In re Marriage of Connerton, 260 P.3d 62, 66 (Colo. App. 2010). As well, witness credibility and the weight, probative force, and sufficiency of the evidence and the inferences and conclusions to be drawn therefrom are matters within the district court’s sole discretion. In re Marriage of Bregar, 952 P.2d 783, 785 (Colo. App. 1997). 
6 B. Analysis ¶ 13 The court, relying on section 14-10-114(8)(c)(IV), found that wife was not voluntarily underemployed. The court found that wife suffers from ailments that prevent her from working full time, including “painful vaginal issues, migraine headaches, ringing in her ears, muscle spasms, gastritis, [and] sciatica pain.” ¶ 14 The record supports these findings. Wife testified that she had had multiple surgeries, including a hysterectomy. At the time of the hearing, she had not fully recovered. She testified that she continues to suffer from severe pain in her genitalia. She also testified that she has migraines, neck pain, and ringing in her ears. She testified that she experiences muscle spasms, and that she has gastrointestinal issues that are painful and nauseating and that sciatica and arthritis cause her back and hip pain. ¶ 15 At the hearing, wife admitted that — when she feels well enough — she has earned money dog sitting, making and selling chocolate sweets and birthday cards, and doing catering work. But she further explained that she has difficulty standing or sitting for long periods of time which prevents her from working most jobs. 
7 She testified that she has applied for disability benefits but had not received them at the time of the hearing. ¶ 16 As husband points out, wife presented no expert testimony regarding her physical impairment. But husband presented no testimony, other than his own, to refute wife’s description of her ailments and their impact. Ultimately, the court found, in its discretion, that wife’s “testimony regarding her ailments was quite credible.” See Bregar, 952 P.2d at 785 (district court determines witness credibility and weight of the evidence). ¶ 17 For these reasons we conclude the court did not abuse its discretion in determining that wife was not voluntarily underemployed. IV. Disposition ¶ 18 The judgment is affirmed. JUDGE NAVARRO and JUDGE JOHNSON concur.